## American Appraisal Company v. Kresge.

*Execution—Sheriff's interpleader—Interpleader—Claimant—Sworn state-ment—Exception—Extension of time—Practice, C. P.—Acts of May 26, 1897, sect. 2, P. L. 95, and May 23, 1923, P. L. 346.*

1. If the claimant in a sheriff's interpleader, on or before the return-day, files a sworn statement of title in the specified manner, and if no proper exception is filed on or before the return-day, the rule will be made absolute without hearing or evidence.

2. If the claimant fails to file such sworn statement, the rule will be discharged with or without exception filed.

3. If the claimant files the sworn statement, and proper exception is filed, the court will fix time for hearing.

4. An exception will be deemed sufficient in law if it denies claimant's title or sets up any other matter of fact or of law which, if sustained, would defeat the claim. Matters of fact must be sustained by affidavit. Upon the hearing, the burden will be on the claimant to establish *prima facie* title, and the witnesses will be produced in court.

5. The court, on application by any interested party, will grant such extension of time, allow such amendment, and make such other order as may be necessary to speed the case to a fair conclusion.

Rule for interpleader. C. P. Luzerne Co., Jan. T., 1923, No. 163.

*Reynolds & Reynolds*, for American Appraisal Company.

*Hall & Flannery*, for defendant.

FULLER, P. J.—On the present rule we are asked to construe as a foundation for future practice the Act of May 23, 1923, P. L. 346, entitled "An act to amend section 2 of an Act approved May 26, 1897, P. L. 95, entitled 'An act relating to proceedings where goods or chattels have been levied upon or seized by the sheriff and claimed to belong to others than the defendant in the execution of process,' as amended."

The rule was entered by the sheriff on July 5, 1923, returnable on July 21, 1923, on claim by the wife of defendant in the execution that the property belonged to her. The claimant filed no statement. The hearing of the rule was continued from time to time until Aug. 18, 1923.

Meanwhile, on Aug. 11, 1923, the execution creditor filed exceptions "to the title of claimant and alleges that the title is not in the claimant, but in the defendant in the execution," etc. Thus the case comes to hand.

Said act of assembly provides: "Said rule for an interpleader shall become absolute at the return-day thereof, unless exceptions thereto sufficient in law are filed by any of the parties interested, and the clerk of said court shall make docket entries accordingly where no hearing is required; and if the claimant or some one in his behalf, at or before such return-day, presents to said court, or to any judge thereof in chambers, a sworn statement of title in

4 D. & C.

the form required for framing an issue under this act, showing that the claimant has a *prima facie* title to the property claimed, and does not derive the same directly or indirectly by, from or through any defendant in such execution or process, said rule for an interpleader shall be made absolute by said court or judge, upon the filing of such statement of title, without hearing any plaintiff who has not previously filed any exception to said rule."

We consider this act a masterpiece of legislative ambiguity.

What is meant by an exception "sufficient in law?" Would it embrace a denial of claimant's title in fact, or just a purely legal objection to the claim based upon form or collateral matter?

If the rule is to be made absolute upon filing of claimant's statement at or before the return-day, without hearing any plaintiff who has not previously filed any exception to said rule, what becomes of plaintiff's privilege to file an exception at or before the return-day?

What would prevent claimant from filing such statement the very day of rule granted, and thus exclude the plaintiff from excepting at all?

What would be the status of a claimant whose title might be valid against the execution, even though derived by, from or through a defendant in the execution?

Is the purpose to debar an execution creditor from being heard on the facts of title and relieve claimant from preliminary proof of the facts, if the latter has filed a statement of claim, whether the former has filed an exception or not?

On any construction, would not our interpleader legislation be diverted from its former beneficent purpose of protecting sheriffs to the deleterious purpose of obstructing, delaying and expensifying creditors?

We can only guess at the solution of this statutory puzzle by holding tentatively and temporarily, pending further consideration:

1. If the claimant, on or before the return-day, files a sworn statement of title in the specified manner, and if no proper exception is filed on or before the return-day, the rule will be made absolute, without hearing or evidence.

2. If the claimant fails to file such sworn statement, the rule will be discharged with or without exception filed.

3. If the claimant files the sworn statement and proper exception is filed, the court will fix time for hearing.

4. An exception will be deemed sufficient in law if it denies claimant's title or sets up any other matter of fact or of law which, if sustained, would defeat the claim. Matters of fact must be sustained by affidavit. Upon the hearing, the burden will be on the claimant to establish a *prima facie* title, and the witnesses will be produced in court.

5. Practice and principle in the proceedings shall be as heretofore, except as now altered.

6. The court, on application by any interested party, will grant such extension of time, allow such amendment, and make such other order as may be necessary to speed the case to a fair conclusion.

On our holding (2), *supra*, the present rule should be discharged, but as the practice is new and strange, we will extend the return-day of the rule until Sept. 10, 1923, at 10 A. M., thus allowing the claimant opportunity to recover breath.

From F. P. Slattery, Wilkes-Barre, Pa.